UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRET NEAL and PANSY JAMES, | No. CV-14-3192-LRS |
| Plaintiffs, | **ORDER OF DISMISSAL** |
| v. | |
| YAKIMA REGIONAL HOSPITAL, et al., | |
| Defendants. | |

Plaintiffs, proceeding *pro se* and *in forma pauperis*, have filed a complaint against various Defendants alleging what appears to be a medical malpractice claim.[1]

Federal courts are courts of limited subject matter jurisdiction. Unlike state courts, federal courts have no "inherent" or "general" subject matter jurisdiction. Federal courts can adjudicate only those cases which the U.S. Constitution and Congress authorize them to adjudicate: essentially those involving a federal question, to which the United States is a party, or involving diversity jurisdiction. *Kokkonen v. Guardian Life Ins. Co. Of America*, 511 U.S. 375, 377, 114 S.Ct. 1673 (1994); *Finley v. United States*, 490 U.S. 545, 551-52 (2008).

No specific subject matter jurisdiction allegations are made in Plaintiffs'

---

[1] It is noted that administrative complaints about hospitals and health professionals can be filed with the Washington State Department of Health (DOH). Information about this process is available at www.doh.wa.gov.

**ORDER OF DISMISSAL-        1**

complaint.  Clearly, the United States is not a party.  Furthermore, it is not apparent how Plaintiffs' claim might arise under the Constitution, laws or treaties of the United States so as to confer federal question jurisdiction on this court.  28 U.S.C. Section 1331.  In order to exercise diversity jurisdiction over Plaintiffs' claim pursuant to 28 U.S.C. Section 1332(a), there must be complete diversity between Plaintiffs and the Defendants.  All Plaintiffs must be of different citizenship than all Defendants.  If a single defendant is a citizen of the same state as one of the plaintiffs, there is no federal diversity jurisdiction.  *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939).  In this case, it appears the Plaintiffs are citizens of the State of Washington, as are all of the named Defendants.  In sum, this court lack subject matter jurisdiction to hear Plaintiffs' claim.

Lack of subject matter jurisdiction is never waived and may be raised by the court at any time.  *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 131 S.Ct. 1197, 1202 (2011).  For the reasons set forth herein, Plaintiffs' complaint and this action are **DISMISSED without prejudice** to filing of the same in a court of competent jurisdiction (Washington state court).[2]

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order, provide a copy to Plaintiffs, and **CLOSE** this file.

**DATED** this   22nd   day of December, 2014.

*s/Lonny R. Suko*
LONNY R. SUKO
Senior United States District Judge

---

[2] "Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court."  *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988).

**ORDER OF DISMISSAL-**           2